J. R. HODSON, RESPONDENT, *v.* UNION PACIFIC
RAILWAY COMPANY, APPELLANT.

APPEALS—TERRITORIAL AND STATE DISTRICT COURTS.

Appeals lie from the district courts of the late territory of
Utah, when the decisions of such courts are rendered in cases
appealed from the justices' courts, even when such appeals
are perfected after statehood.  In such cases the laws of the
territory regulating appeals control, and not the following
clause of article 8 of section 9 of the constitution: "Appeals
shall also lie from the final judgment of justices of the peace
in civil and criminal cases to the district courts on both ques-
tions of law and fact, with such limitations and restrictions as
shall be provided by law; and the decision of the district
courts on such appeals shall be final, except in cases involving
the validity or constitutionality of a statute." The district
court referred to in this section is the district court of the
state, and not that of the territory.

(No. 681.   Decided Sept. 19, 1896.)

Appeal from the Fourth district court, Territory of
Utah.  Hon. W. H. King, *Judge.*

Action by J. R. Hodson against the Union Pacific Rail-
way Company.  Judgment for plaintiff.  Defendant
appeals.  Motion to dismiss overruled.

*Williams, Van Cott & Sutherland,* for appellant.

*Evans & Rogers,* for respondent.

ZANE, C. J.:

The respondent has submitted a motion to dismiss this
appeal on the ground that it was forbidden by the con-

stitution of the state. It was perfected after statehood, and was taken from the judgment of the district court rendered under the late territorial government in a case that had been appealed from a judgment of a justice of the peace. The territorial law authorized such appeal. The first clause of section 2 of article 24 of the constitution is as follows: " That all laws of the territory of Utah now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitation, or are otherwise altered or repealed by the legislature." And section 9 of article 8 of the constitution is as follows: " From all final judgments of the district courts there shall be a right of appeal to the supreme court. The appeal shall be upon the record made in the court below, and under such regulations as may be provided by law. In equity cases the appeal may be on questions of both law and fact; in cases at law, the appeal shall be upon questions of law alone. Appeals shall also lie from the final orders and decrees of the court in the administration of decedent estate and in cases of guardianship, as shall be provided by law. Appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the district courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the district courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute." The district court referred to in this section is the district court of the state, not the district court under any other government, territorial or otherwise. The district court of the state is not a continuation of the district court of the territory; it is instituted by a different government, and its jurisdiction differs in many respects from the territorial court. The third clause of the section above re-

ferred to provides that "appeals shall also be from the final orders and decrees of the court [the same court] in the administration of decedent estates, and in cases of guardianship, as shall be provided by law." The administration of estates and cases of guardianship under the laws of the territory were in the probate court; under the state government they are administered in the district court. We are of the opinion that the provision relied upon expressed in the last clause of the section, "the decision of the district courts on such appeals shall be final," refers to the district courts of the state. We hold that the territorial law providing for appeals from such judgments under the territorial government is not repugnant to the constitution of the state, and that this appeal was properly taken. The motion to dismiss is overruled.

BARTCH, J., and RITCHIE, District Judge, concur.